

FILED

JAN 24 2019

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

U. S. DEPARTMENT OF JUSTICE

*William J. Powell*
*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street           Phone: (304) 623-7030
Suite 300                      FAX:   (304) 623-7031
Clarksburg, WV 26301

December 27, 2018

Brian J. Kornbrath, Esq.
Federal Public Defender's Office
230 W. Pike Street, Suite 300
Clarksburg, WV 26301

      Re: United States v. Nathan Allen Danforth
         Case No. 1:18-CR-27

Dear Brian:

  This purpose of this letter is to extend to your client, Nathan Allen Danforth (hereinafter referred to as defendant or Mr. Danforth) the following plea offer:

  All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended, which are advisory to the Court.

  It is agreed between the United States and your client as follows:

**1.** **Plea:**
  A. Mr. Danforth will tender his plea of guilty to Count One charging him with the offense of Threats Against the President, in violation of Title 18, United States Code, Section 871.

  B. The maximum penalty for the offense to which Defendant will be exposed by virtue of his plea of guilty to Count One of the Indictment as stated in paragraph 1.A. above, would be imprisonment for a period of not more than five (5) years, a fine of not more than $250,000.00, three (3) years supervised release, and a mandatory special assessment of $100.00 (18 U.S.C. 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.  It is also understood that the Defendant might be required by the Court to pay the costs of his incarceration.

_____        1/3/19
Nathan Allen Danforth,             Date
Defendant

_____        1/3/19
Brian J. Kornbrath, Esq.             Date
Counsel for the Defendant

Brian J. Kornbrath
December 26, 2018
Page 2

2. **Sentencing:**
   A. **Recommended Sentence:**
   1. The United States and the defendant agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence in this case is Fifteen (15) months incarceration for Count One. Further, the parties agree to recommend that the sentence run consecutively to any sentence the Defendant is currently serving or which has been previously imposed. The court will also impose the mandatory Special Assessment of $100.00. No fine is recommended for the reason that the defendant does not have the financial ability to pay a fine. The parties also recommend that no additional supervised release be imposed.

   2. The recommended sentence is considered by the government to be adequate under the circumstances of this case to provide a reasonable sentence for the defendant's crime(s) while disposing of the case without the expenditure of significant judicial or prosecutorial resources.

   B. **Sentencing Procedure:**
   1. The parties waive the right to have a full presentence investigation made prior to sentencing and request that the court impose the sentences immediately upon the acceptance of the guilty pleas.

   2. Acknowledging that it is the court's responsibility to determine whether the agreed sentence is a reasonable sentence after considering the circumstances of the case and the background of the defendant, the United States Attorney's Office and counsel for the defendant agree to cooperate with any preliminary investigation the court may cause to be made prior to the plea hearing.

3. **Waivers:**
   A. Upon the condition that the court accepts this agreement and imposes the recommended sentence, the United States and the defendant waive the right to appeal the sentence, or to appeal any other issue in this case, on any ground whatsoever.

   B. Upon the condition that the court accepts this agreement and imposes the recommended sentence, the defendant waives his right to challenge his sentence or the manner in which it was determined by collateral attack, including but not limited to, by a motion brought under 28 U.S.C. § 2255 (habeas corpus).

_____
Nathan Allen Danforth,
Defendant

1/3/19
Date

_____
Brian J. Kornbrath, Esq.
Counsel for the Defendant

1/3/19
Date

Brian J. Kornbrath
December 26, 2018
Page 3

**4.     Other Charges:**
    A.    In exchange for this plea of guilty, the United States agrees to move to dismiss Counts Two, Three, and Four of the Indictment against the defendant.

**5.     Other Matters:**
    A.    The above four (4) paragraphs constitute the entire agreement between the defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

    B.    The defendant was not debriefed as a part of this plea agreement. Further, he did not provide any information or any substantial assistance to the government in this case or any other case. Therefore, the United States will not make a § 5K1.1 "substantial assistance to the government" motion for this defendant. Likewise the United States will not make any motions pursuant to Federal Rule of Criminal Procedure 35 for this defendant. The government will not recommend any downward departure or variance below the consecutive statutory sentences as stated in Paragraph 2.A.1 on Page 2 of the plea agreement.

                                Very truly yours,

                                WILLIAM J. POWELL,
                                United States Attorney

                        By:     _____
                                Brandon S. Flower
                                Assistant United States Attorney

As evidenced by my signature at the bottom of the 3 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____          1/3/19
Nathan Allen Danforth,                  Date
Defendant

_____          1/13/19
Brian J. Kornbrath, Esq.                Date
Counsel for the Defendant